## IN RE: THE HENRY FORD II REVOCABLE INTER VIVOS TRUST
### Case No. 88-2589 CP
Fifteenth Judicial Circuit, Palm Beach County

February 5, 1990

### APPEARANCES OF COUNSEL

**Robert Montgomery, Jr., Esquire,** Montgomery & Larmoyeau, for Mrs. Ford as trustee.

**Gregory Barnhart, Esquire,** Searcy, Denney, Scarola, Barnhart & Shipley, for Mrs. Ford as trustee.

**Arthur J. England, Jr., Esquire,** Fine, Jacobson, Schwartz, Nash, Block & England, for Mrs. Ford, individually.

**L. Frank Chopin, Esquire,** Cadwalader, Wickersham & Taft, for Mrs. Ford, individually.

**James G. Pressly, Jr., Esquire,** and **Edward Downey, Esquire,** Gunster, Yoakley, Criser & Stewart, P.A., for Edsel Ford as trustee.

**Margaret L. Cooper, Esquire,** Jones, Foster, Johnson & Stubbs, P.A., for William R. Donaldson as trustee.

**F. Wallace Pope, Jr., Esquire,** for Sherwin P. Simmons, Esquire, as trust counsel.

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER ON TRUSTEE'S PETITION FOR INSTRUCTIONS,
KATHLEEN DuROSS FORD'S MOTIONS TO DISMISS,
DISQUALIFY TRUST COUNSEL and INJUNCTIVE RELIEF*

In this order the Henry Ford II Revocable Inter Vivos Trust shall be referred to as the "TRUST," Kathleen DuRoss Ford as "MRS. FORD," Edsel B. Ford II as "EDSEL FORD," William H. Donaldson as "DONALDSON," Sherwin P. Simmons, Esq. as "SIMMONS," and Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill as "TRENAM, SIMMONS."

Each Trustee has retained and is represented by individual counsel. Mrs. Ford is represented by Robert Montgomery, Jr. of Montgomery & Larmoyeau and Gregory Barnhart of Search, Denney, Scarola, Barnhart & Shipley in her capacity as trustee and Arthur J. England, Jr. of Fine, Jacobson, Schwartz, Nash, Block & England, and L. Frank Chopin of Cadwalader, Wickersham & Taft in her individual capacity. Edsel Ford is represented in his capacity as trustee by James G. Pressly, Jr. and Edward Downey of Gunster, Yoakley, Criser & Stewart, P.A. Donald is represented in his capacity as trustee by Margaret L. Cooper of Jones, Foster, Johnson & Stubbs, P.A. Mr. Simmons is represented in his capacity as trust counsel by F. Wallace Pope, Jr.

### FACTUAL BACKGROUND

This case involves a trust established by the late Henry Ford II who died September 29, 1987. The vast majority of Mr. Ford's assets had been administered through the TRUST. MRS. FORD, the deceased's widow, is one of the three trustee of the TRUST, she is also the income beneficiary of the TRUST and a co-personal representative of her late husband's estate. EDSEL FORD, the son of the decedent by a prior marriage, is a trustee and co-personal representative of his father's estate. EDSEL FORD'S children and other grandchildren of the decedent are the residuary beneficiaries of the TRUST. DONALDSON is the third trustee who succeeded Martin Citrin, the original third trustee who died in April, 1988. SIMMONS is the attorney engaged by the three trustees to represent the TRUST and is also a member of the TRENAM, SIMMONS law firm.

The TRUST involves a corpus of approximately $350,000,000 which has the capability of producing approximately $1,000,000 a month to the income beneficiary, MRS. FORD, for the remainder of her life. A

patent conflict of interest between the income beneficiary and the residuary beneficiaries of the TRUST quickly surfaced and, unless there is a major change in philosophy, attitude and objectivity among and between the parties, litigation will be protracted and enormously costly to the TRUST and polarize the adversity among and between the family members; all of which the late Henry Ford so dearingly wished to avoid as evidenced by his video-taped conversation to the members of his family after executing his last will and testament.

On March 22, 1989, MRS. FORD, as trustee, filed a separate action (Case No. 89-1084 CP) seeking instructions on the manner in which the allocations of expenses between principal and income were handled asserting an incorrect allocation of several millions of dollars; the two other trustee were named as respondents. Simmons being uncertain as to his position as trust counsel in relation to MRS. FORD'S petition for instructions, sought within this suit (88-2589 CP), instructions from the court as to what his role would be in the pending matter. MRS. FORD responded by filing her motion to dismiss, disqualify and for injunctive relief. The 89-1084 CP action was dismissed by the Court November 3, 1989 upon the ground a minority trustee could not, as provided by the trust instrument and Florida statutes, initiate such an action.

### PLEADINGS BEFORE THE COURT

The issues are framed by the following pleadings upon which this cause was tried:

1. The TRUST'S petition for instructions filed by SIMMONS May 15, 1989, Docket No. 91;

2. MRS. FORD'S motion to dismiss; disqualify trust counsel and for injunctive relief filed July 7, 1989, Docket No. 99;

3. DONALDSON'S response and affirmative defenses to MRS. FORD'S motions filed November 1, 1989, Docket No. 116;

4. EDSEL FORD'S response and affirmative defenses to MRS. FORD'S motions filed September 8 and October 12, 1989, Docket Nos. 106 and 108;

5. SIMMONS' response and affirmative defenses to MRS. FORD'S motions filed November 15, 1989, Docket No. 134.

### ISSUES

1. Is SIMMONS proscribed, as a matter of law, from seeking instructions from the court as to his participation in litigation arising from MRS. FORD'S initial petition for instructions to the court

100

relating to allocation of expenses between income and principal upon the ground MRS. FORD is one of the three co-trustees and SIMMONS represents the three trustees?

2. Assuming such conduct by SIMMONS is not proscribed, has his conduct as trust counsel, considering the sum of the deficiencies which have been established at trial, risen to a breach of fiduciary duty and/or a breach of the engagement letter as alleged in MRS. FORD'S motion to remove trust counsel and application for injunctive relief to warrant his disqualification not only from this present litigation but all future representation?

On the first question raised, there is no controlling Florida authority and the several law firms involved in this litigation, notwithstanding their exhaustive research and memoranda to the court, are in total disagreement as to the correct answer to the issue.

## FACTS

1. To answer the ultimate issue it is most important to determine just who SIMMONS represents and in what capacity. The appropriate starting point in answering this inquiry is the letter of engagement dated October 27, 1988.

"Re Henry Ford II Trust

Dear Mrs. Ford and Messrs. Ford and Donaldson:

This letter will confirm the terms of our engagement by you in your capacity as trustees . . . we understand this engagement anticipates our serving as general counsel for the trust.

\* \* \*

. . . however, based on the trust, the settlement agreement, and our discussions with Messrs. Ford and Donaldson, we understand our representation of the trust involves essentially two broad areas of representation.

The first concerns the trust's interaction with third parties . . . secondly, we have legal responsibility for the general operation of the trust and its relationship to Mrs. Ford as income beneficiary and to Henry Ford II's grandchildren as remaindermen. The later necessarily involves a close supervision of the allocations between principal and interest in accordance with the trust, Florida law, and the settlement agreement; and, the internal operation of the trust, including preparation of agendas for trustee meetings and the like.

The undersigned [SIMMONS] will have overall supervisory responsibility for the representation of the trust."

**101**

\* \* \*

2. The settlement agreement approved by this court October 19, 1988 provides:

\* \* \*

Kathleen DuRoss Ford ("KDF"), as co-trustee and income beneficiary of the Henry Ford II Revocable Inter Vivos Trust ("TRUST"), William H. Donaldson ("WHD"), Esel B. Ford II ("EBF"), and the residuary beneficiaries of said trust identified as at the end of this memorandum of agreement agree as follows:

\* \* \*

12. The trust hereby retains Trenam, Simmons, et al. (Sherwin Simmons, Esq.) to serve as co-counsel to the trust effective immediately.

\* \* \*

The settlement agreement contains numerous provisions relating to the administration of the trust but contains no further definition or refinement of trust counsel's duties and obligations.

3. SIMMONS does not represent a "fiduciary relationship;" he represents the three trustees *as a unit* in their fiduciary capacity as trustees. He does not represent one trustee as trustee or two trustees as trustees, but rather he represents the three trustees as a unit. Admittedly, a majority of the trustees can terminate the services of SIMMONS but, lacking such action, an individual trustee nor a minority of trustees cannot prohibit the retained trust attorney from representing the trustees as a unit in administrative matters absent misconduct warranting counsel's removal. If the law were to the contrary, the effectiveness of counsel to the trustees would be limited to those situations where the actions of the several trustees was unanimous.

4. MRS. FORD while attending trustees meetings is accompanied by one or more of her retained attorneys and the meetings are attended by a court reporter.

5. Upon the trustees vote, MRS. FORD expressed her dissatisfaction with the allocation between income and principal by casting a descenting vote thereby gaining the protection from liability as provided by Florida Statute 737.404(1).

6. Pursuant to Article 12 of the Henry Ford II Revocable Inter Vivos Trust; the Ford Trust is administered by a majority vote of the co-trustees.

102

7. MRS. FORD has continuously, albeit erroneously, viewed SIMMONS petition for instruction from the court as a legal action against her as trustee and based upon this erroneous assumption she filed her motions to dismiss, disqualify, and injunction.

8. MRS. FORD'S economic interest in the income/principal allocation issue arises solely from her status as an income beneficiary and not as trustee and her economic interest conflicts not with her co-trustees but rather the interests of the residuary beneficiaries.

9. Upon the evidence, Rule 4-1.7 of the Rules of Professional Conduct effective 1/1/87, this general conflict rule, essentially takes the position a lawyer shall not represent multiple clients who have adverse or conflicting interests. The trustees in the engagement letter acted together as a unit. MRS. FORD did not hire SIMMONS to represent her as a trustee, DONALDSON did not hire SIMMONS to represent him as a trustee, nor did EDSEL FORD; they, all three acting together retained SIMMONS simultaneously acknowledging the engagement "necessarily involved close supervision of the allocations between principal and interest" hence, the "multiple client rule" 4-1.7 does not apply.

10. Rule 4-1.13 of the Rules of Professional Conduct allows for continued representation of an organization when there is disagreement between the constituents or people who administer the organization. A trust is not an organization but a relationship and although Rule 4-1.13 is not directly controlling it is most analogous. See, *Mills v Ball,* 380 So.2d 1134 (Fla. 1st DCA 1980).

11. The conduct of SIMMONS did not breach the engagement letter, the terms of the settlement agreement or his fiduciary duty to MRS. FORD as trustee.

12. MRS. FORD is estopped from seeking the prohibition of trust counsel to represent the trust in administrative matters including litigation relating to administrative matters based upon the nature of the engagement letter wherein the three trustees, as a unit, engaged trust counsel and in that letter itself acknowledged close supervision of the allocation questions between principal and interest would occur; she cannot now claim conflict of interest on the part of trust counsel because she disagrees with his advice and was ultimately out voted by a majority of the trustees.

## LAW

"A trust may be defined as a fiduciary relationship in which one

**103**

person holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another."

\* \* \*

. . . "A fiduciary relation is one in which the law demands of one party an unusually high standard of ethical or moral conduct with reference to another." See, *Bogard: Trust and Trustees,* Second Edition Revised, (1984), Chapter 1, Section 1, Pages 1-3.

The model code of professional responsibility in effect during this litigation no longer contains the proviso that "a lawyer should avoid even the appearance of impropriety"; that standard was not carried forward into the new code because it was too vague for fair application.

In the case of *Mills v Ball,* 380 So.2d 1128 (Fla. 1st DCA 1980) the trial court was presented with a petition by potential beneficiaries under a testamentary trust who sought a declaratory judgment construing a will. The appellants were William B. Mills, one of the trustees of the trust in question, and the Episcopal Church in the Diocese of Florida, Inc. representing a class of potential beneficiaries under the trust; the appellees were Edward Ball and the First National Bank of Jacksonville, two of the trustees of the testamentary trust, and others. The thrust of the litigation sought to resolve a question relating to a class of beneficiaries and the trustees opposed each other. A question arose as to whether the attorney retained by William B. Mills could be compensated from funds of the trust. The trial court ruled:

". . . each trustee is not entitled to employ an independent attorney for advice or other professional duties in his administration of the trust estate but must rely upon an attorney selected by the majority except in instances where no majority decision is reached . . . "

On appeal, the appellate court ruled:

As to the contention that the trial court erred in its general ruling that each trustee is not entitled to employ an independent attorney for advice or other professional duties in his administration of the trust estate, we find no error, subject to certain modifications which we will hereinafter set forth. We point out initially that the trial court's ruling is applicable or should be applicable only to employment of an attorney at the expense of the trust. *There should be no prohibition to employment of an attorney by a trustee at his expense.* (emphasis supplied).

The appellate court rejected Mr. Mill's contentions Florida Statute 737.401 authorized each individual trustee to employ an attorney at the

104

expense of the trust to advise and assist him in the performance of his duties and nothing in the will of Mrs. DuPont specifically specifies or requires the trustees employ only one attorney to represent all of the trustees or forbids the selection of independent counsel by each of the four trustees if a single trustee deems independent counsel desirable for the purpose of advice or other professional duties.

The appellate court held:

"We do not construe the will to authorize the employment of an attorney by a single trustee if he is one of the multiple trustees nor does the above referenced statute authorized such."

The appellate court continued to quote within its opinion decisions from the appellate courts of the states of Illinois and New York; agreeing with them the Florida appellate court concluded by stating:

"As applied to the case sub judice compensation to attorneys employed by an individual trustee should not be allowed from the funds of the trust unless it appears to the satisfaction of the court that their employment was or is necessary *for the protection of the trust.* (emphasis supplied).

MRS. FORD also raised within her motion to disqualify trust counsel the ground he will be called as a witness in the allocation proceedings.

## RULES OF PROFESSIONAL CONDUCT

Rule 403.7 Lawyer as a Witness provides:

(a) a lawyer shall not act as an advocate at trial in which the lawyer is likely to be a *necessary witness* on behalf of his or her client except where: (4) disqualification of the lawyer would work substantial hardship on the client. (emphasis supplied).

As noted above, MRS. FORD was represented by separate counsel at all the trustees meetings and at those meetings a court reporter was present and in fact transcripts of some of the trustees meetings were admitted into evidence during the course of the trial. Under such circumstances, on the issue of allocations, the trust counsel is "not a necessary witness." Other witnesses are available to testify as to what transpired at these meetings and as there was a court reporter present taking down the proceedings, a transcript of them can be produced. The cost of procuring new counsel and the resultant delays in procuring the same do not warrant the disqualification of trust counsel in these proceedings.

The footnote referred to in the case of *Younger Utility and Paving*

**105**

*Company, Inc., et al. v Myers, et al.,* 14 FLW 2650 (Fla. 1st DCA 1989) does not apply to the case sub judice as the factual basis between the two cases are clearly distinguishable. The appellate court in its footnote did not clarify how pertinent the abandoned ethical consideration contained in Canon 9 would be if there were no other grounds for the disqualification of counsel; a situation clearly not existing in the case it had under consideration.

Based upon the above, it is

ADJUDGED as follows:

1. Motions to dismiss, disqualify, and injunctive relief filed by MRS. FORD are denied;

2. The petition by SIMMONS seeking instructions is granted in the following respects:

1. SIMMONS, as general counsel to the TRUST, may represent the majority trustees in trust litigation among and between the majority and minority trustees in matters relating to administrative matters.

2. SIMMONS, as general counsel, may not represent the majority trustees in trust litigation among and between the majority trustees and minority trustees when the basis of the dispute sounds in tortious conduct warranting personal civil liability or removal in the event the allegations are established by a greater weight of the evidence.

3. If general counsel to the TRUST is unsure as to the implication of any particular case, a request for instructions as to counsel's role should be presented to the court before active participation.

ORDERED at West Palm Beach, Palm Beach County, Florida this 5th day of February, 1990.